# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                      Criminal Case No: 1:11cr23

EUGENE BARNES,
        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Eugene Barnes, in person and by counsel, Brian J. Kornbrath, appeared before me on March 30, 2011. The Government appeared by Zelda Wesley, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking what Defendant's anticipated plea would be. The AUSA responded that Defendant would enter a plea of "Guilty" to a Two-Count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily

waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Eugene Barnes, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on March 18, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. After which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. The undersigned then reviewed with Defendant the Two-Count Information,

including the elements the United States would have to prove at trial, each count charging him with use of a communication facility to commit, cause and facilitate the commission of drug felonies, in violation of Title 21, United States Code, section 843(b). Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Two-Count Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the Two-Count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Two-Count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his

3

competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on **Count One** of the Information was imprisonment for a term of not more than four (4) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to two (2) years of supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing.

Defendant also understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on **Count Two** of the Information was also imprisonment for a term of not more than four (4) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to two (2) years of supervised release; and understood the Court would impose a special assessment of $100.00 for the felony conviction payable on or before the date of sentencing.

Defendant also understood that the Court may require him to pay the costs of his incarceration and supervised release.

Defendant also understood that his specific sentence, if the plea was accepted by the District Judge, would be imprisonment for a term of ninety-six (96) months [forty-eight (48) months as to each count]. Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment of 96 months, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether she accepted his plea agreement; if she advised him she was rejecting the plea agreement, she

would then give him the opportunity to withdraw his guilty plea; and if he did not under those circumstances withdraw the plea, the District Judge would proceed to sentence him within the statutory maximum on his plea.

The undersigned further inquired and determined Defendant understood there were also certain non-binding recommendations in the plea agreement. Defendant understands that should the court not accept the non-binding recommendations, he will not have the right to withdraw his guilty plea, unless the Court rejects the parties' binding sentencing agreement, as set forth in paragraph 3 of the plea agreement.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his direct appeal rights and collateral challenge rights as contained in his written plea agreement as follows:

Ct: Did you and Mr. Kornbrath discuss that you have a right to appeal your sentence to the Fourth Circuit Court of Appeals?

Def: Yes.

Ct: And did you and Mr. Kornbrath also discuss that you may have a right to use 28 USC section 2255 to collaterally attack or challenge your sentence and how it was imposed?

Def: Yes.

Ct: Do you understand that under your agreement, you give up those two rights?

Def: Yes, I do.

Ct: And you intended to give up those rights?

Def: Yes, I did.

Ct: And that was your own free and voluntary and intelligent and knowing decision?

Def:   Yes, sir.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Eugene Barnes, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to each of the felony charges contained in the Two-Count Information.

The Court then received the sworn testimony of City of Morgantown Police Detective Rob Miranov, who testified he is also assigned as a member of the Mon Valley Drug Task Force as well as the DEA Task Force. He was involved in the investigation of Defendant. The investigation involved the use of a confidential informant ("CI") to make controlled purchases of crack cocaine from Defendant. On September 1, 2010, a CI made an arranged, recorded phone call to Defendant to arrange the purchase of crack cocaine. After the deal was arranged, the CI proceeded to the downtown area of Morgantown to meet Defendant. On the way there, a second phone call was made to arrange the actual location of the buy, at the Domino's Pizza parking lot on Pleasant Street in Morgantown. That phone call was also between the CI and Defendant. The CI arrived at the arranged location and met with Defendant, where money was exchanged for a quantity of crack cocaine. Afterwards, the CI met back up with the officers and turned the crack over to them.

Detective Miranov also testified that on October 13, 2010, another recorded phone call was made between the same CI and Defendant to arrange another purchase of crack cocaine. Defendant told the CI to meet him at his residence. The CI proceeded to Defendant's residence, but Defendant was not there.

A second phone call advised that Defendant would be there shortly. After Defendant arrived, he and the CI went into the residence where the money was exchanged for crack cocaine. The CI then left Defendant's residence and met back with the officers to whom he turned over the drugs.

Defendant then stated he heard, understood, and agreed with Detective Miranov's testimony. From the testimony of Detective Miranov, the undersigned Magistrate Judge concludes each of the offenses charged in the Two-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the binding sentence and the non-binding recommendations; Defendant further understood that if the Judge rejected the binding sentence, Defendant would be permitted to rescind his guilty plea, but if he then fails to do so, the Judge may sentence him within the statutory maximum; Defendant understood he waived his direct appeals right and collateral appeals right if the Judge sentences him to the 96-months binding sentence; Defendant also waives his right to appeal and his right to collaterally attack his sentence if the Judge notifies him he or she rejects the binding sentence and Defendant does not then revoke his plea of guilty; Defendant made a knowing and voluntary plea of guilty to each count of the Two-Count Information; and Defendant's plea is independently supported by the testimony of Detective Miranov, which provides, beyond a reasonable doubt, proof of each of the essential elements of each of the charges to which Defendant pled.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to each of

the felony charges contained in the Two-Count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report and that the defendant be adjudged guilty on said charges as contained in the Two-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Defendant is returned to the continued custody of the United States Marshal pending further proceedings.

Respectfully submitted this   30th   day of March, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE